**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

CARLOS N. ANTUNEZ CRUZ
7362 Lee Highway, Apt. T1
Falls Church, Virginia 22045

And

RUTH NICOLLE LOPEZ VILLALTA                    Civil Action No.: 20-1978
7362 Lee Highway, Apt. T1
Falls Church, Virginia 22045

     *Plaintiffs,*

     v.

JIMENEZ CONSTRUCTION LLC
4231 Crosswick Turn
Bowie, Maryland 20715

Serve: Hugo Jimenez
      Resident Agent
      1609 Roosevelt Avenue
      Landover, Maryland 20785

And

ARIAN JIMENEZ
1609 Roosevelt Avenue
Landover, Maryland 20785

DENNISE VASQUEZ-MARTINEZ
1609 Roosevelt Avenue
Landover, Maryland 20785

MID-ATLANTIC SAN DIEGO LLC
2000 Mckinney Ave., Suite 1000
Dallas, Texas 75201

Serve: CT Corporation System
      1015 15th Street, N.W., Suite 1000
      Washington, D.C. 20005

MID-ATLANTIC MILITARY FAMILY COMMUNITIES
LLC

Serve: The Corporation Trust Company
        Corporation Trust Center
        1209 Orange Street
        Wilmington, DE 19801

_____  *Defendants.*

## COMPLAINT

Plaintiffs, Carlos N. Antunez Cruz ("Plaintiff Cruz") and Ruth Nicolle Lopez Villalta

("Plaintiff Villalta"), hereby bring suit against Jimenez Construction LLC ("Jimenez LLC"),

Arian Jimenez ("A. Jimenez"), Dennise Vasquez-Martinez ("Vasquez-Martinez") (collectively

"Jimenez Defendants"), Mid-Atlantic Military Family Communities LLC ("Mid-Atlantic 1), and

Mid-Atlantic San Diego LLC ("Mid-Atlantic 2") (collectively "Mid-Atlantic Defendants"), for

violations of the District of Columbia Collection and Payment of Wages Law, D.C. Code §§ 32-

1301 *et seq.* ("DCPCWL"), the District of Columbia Minimum Wage Revision Act, D.C. Code §

32-1001 *et. seq.* ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the

FLSA"). Plaintiffs allege as follows:

## JURISDICTION

1.      Plaintiffs are asserting causes of action, against all Defendants, which arise under

the FLSA, the DCMWRA and the DCPCWL.

2.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217.

The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal

questions and the Court has pendant jurisdiction over the Plaintiffs' District of Columbia law

claims under 28 U.S.C. § 1367.

3.      This Court has *in personam* jurisdiction over Defendants because all of them

conduct business in the District of Columbia. In addition, Plaintiffs were employed within the

2

District of Columbia within the meaning of D.C. Code § 32-1003 (b) because during all times relevant to the Complaint, they "regularly spent more than 50% of their working time in the District of Columbia." *Id*.

## THE PARTIES

4.      Plaintiff Cruz is an adult resident of the Commonwealth of Virginia and was employed by Defendants from approximately May 1, 2017 until February 19, 2019, when he was terminated.

5.      Plaintiff Villalta is an adult resident of the Commonwealth of Virginia and was employed by Defendants from May 1, 2017 until February 19, 2019, when she was terminated.

6.      Jimenez LLC is a limited liability company organized under the laws of the State of Maryland. Jimenez LLC performed remodeling work on military housing sites located in Maryland, the District of Columbia and Virginia. Jimenez LLC employed the Plaintiffs directly within the meaning of the FLSA, the DCMWRA, and the DCPCWL, because, through it owners, officers and agents, it hired them, set their rate of pay, set the terms and conditions of their employment, maintained their employment records, paid their wages, provided them with most of the tools and materials necessary to perform their jobs, supervised them, set their work schedules, disciplined them and terminated their employment. Jimenez LLC meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

7.      A. Jimenez is an owner, officer, and member of Jimenez LLC. He is an employer of Plaintiffs within the meaning of the FLSA, the DCMWRA, and the DCPCWL because: (1) he is an owner, officer and member of Jimenez LLC; (2) he has operational control over Jimenez LLC and is significantly involved in its day-to-day operations; (3) he controlled the terms and conditions of Plaintiffs' employment, including work schedules, compensation and pay practices, and did in fact set the terms and conditions of Plaintiffs' employment and supervised them; (4) he has the authority to discipline the Plaintiffs and exercised that authority by verbally reprimanding Plaintiff Cruz on multiple occasions; (5) he has the ability to hire and fire Plaintiffs and did in fact hire and fire both of the Plaintiffs; and (6) he maintained Plaintiffs' employment records. In addition, he was responsible for the unlawful pay practices that form the basis of Plaintiffs' claims.

8.      Vasquez-Martinez is an officer of Jimenez LLC. Specifically, she holds the title of "Business Manager." She is an employer of Plaintiffs within the meaning of the FLSA, the DCMWRA, and the DCPCWL because: (1) she is a manager of Jimenez LLC and in that capacity, managed the Plaintiffs by assigning them duties and directing them in the performance of their work; (2) she has operational control over Jimenez LLC and is significantly involved in its day-to-day operations; (3) she controlled the terms and conditions of Plaintiffs' employment, including their work schedules and compensation and pay practices, and did in fact set the terms and conditions of Plaintiffs' employment and supervised them; (4) she has the authority to discipline the Plaintiffs; (5) she has the ability to hire and fire Plaintiffs and did in fact hire and fire both of the Plaintiffs; and (6) she maintained Plaintiffs' employment records. In addition, she was responsible for the unlawful pay practices that form the basis of Plaintiffs' claims.

9.      Mid-Atlantic 1 is a limited liability company organized under the laws of the State of Delaware. The U.S. Department of the Navy is a non-managing member of Mid-Atlantic 1 and

Lincoln Family Communities LLC is the managing member. In or around 2005, Mid-Atlantic 1 entered into a ground lease (as subsequently amended and restated) with the federal government to lease federal land for a fixed number of years and thereupon build, manage and maintain military housing units in Maryland, Virginia and/or the District of Columbia. Mid-Atlantic 1 owns the individual housing units in fee simple. Some of these navy housing sites are located on the following military installations:

a) Annapolis, NSA (Maryland)
b) Dahlgren, NSF (Virginia)
c) Anacostia Bolling, JB (District of Columbia)
d) Washington, D.C., NSA (District of Columbia)
e) U.S. Naval Observatory (District of Columbia)
f) Indian Head, NSF (Maryland)
g) Patuxent River, NAS (Maryland)

11.     Any contract in excess of $2,000.00, arising out of or pursuant to the ground lease between Mid-Atlantic 1 and the federal government, including a contract with any subcontractor, is a contract covered by the Davis-Bacon Act. *See* 40 U.S.C.A § 276a(a). This is because the federal government is a party to the ground lease and the construction, maintenance and repair of the navy housing sites are public works within the meaning of the Davis-Bacon Act. On information and belief, Mid-Atlantic 1 entered into a contract with Jimenez LLC to perform construction work on the military housing units and Jimenez LLC then hired Plaintiffs to perform some of this work. The minimum wages to be paid to various classes of laborers working on these projects, including Plaintiffs, are Davis-Bacon wages.

10.     Mid-Atlantic 2 is a limited liability company organized under the laws of the state of Delaware and is registered to do business in the District of Columbia as a foreign limited liability company. On information and belief, Mid-Atlantic 2 also entered into a ground lease with the federal government to lease federal land for a fixed number of years and thereupon build, manage

and maintain military housing units in Maryland, Virginia and/or the District of Columbia. Some of these housing sites were located on military installations included but not limited to:

h) Annapolis, NSA (Maryland)
i) Dahlgren, NSF (Virginia)
j) Anacostia Bolling, JB (District of Columbia)
k) Washington, D.C., NSA (District of Columbia)
l) U.S. Naval Observatory (District of Columbia)
m) Indian Head, NSF (Maryland)
n) Patuxent River, NAS (Maryland)

12.     Alternatively, Mid-Atlantic 2 is an alter ego of Mid-Atlantic 1 and/or is an affiliate or subsidiary of Mid-Atlantic 1 and performed work or contracted for the performance of work, pursuant to the ground-lease between Mid-Atlantic 1 and the federal government. Accordingly, any contract or sub-contract, in excess of $2,000.00, between Mid-Atlantic 2 and Jimenez LLC for the construction, maintenance or repair of navy housing sites is covered by the Davis-Bacon Act and workers on such projects, including Plaintiffs, are entitled to be paid Davis-Bacon scale wages.

13.     In addition, for the reasons set forth below, Mid-Atlantic 1 and Mid-Atlantic 2 were Plaintiffs' joint-employers within the meaning of the FLSA, the DMWRA and the DCPCWA. Specifically, employees of Mid-Atlantic 1 and 2 met Plaintiffs once they arrived at the construction site, gave them access to the job site, instructed them about what needed to be done, in some cases provided them with the tools and materials Plaintiffs needed to complete the work, and supervised the work. Mid-Atlantic 1 and 2 employees would make sure the work performed by Plaintiffs was done to their standard before it could be deemed completed. And in most cases, Mid-Atlantic 1 and 2 employees were the only ones supervising Plaintiffs on the job sites. It was rare for employees of Jimenez LLC to show up on the sites to supervise.

14.     The Jimenez Defendants and Mid-Atlantic Defendants, jointly employed the Plaintiffs for purposes of performing work on various military housing sites pursuant to the ground

6

lease with the federal government, but failed to pay them an overtime premium for some of the hours over 40 that Plaintiffs worked in a work week and failed to pay them for all compensable hours worked. Both Mid-Atlantic 1 and Mid-Atlantic 2 meet the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as they have: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## STATEMENT OF FACTS

15.    In or around May 2017, Defendants hired Plaintiff Cruz to the position of "Painter."

16.    At all times during which Plaintiff Cruz worked for Defendants, he performed either the duties of a "Painter" including but not limited to painting and finishing drywall or a "Carpenter" including hanging drywall. Plaintiff Cruz's non-Davis Bacon hourly rate ranged from $16.00 per hour to $18.50 per hour.

17.    For the majority of his work time, Plaintiff Cruz worked on public works projects (military housing sites) in the District of Columbia, and to a lesser extent in Maryland and Virginia. However, Defendants never paid Plaintiff Cruz the Davis-Bacon Act wages for a "Painter," which during the time period relevant to this Complaint ranged from $34.04 ($24.89 + $9.15 Fringe) to $34.82 ($25.06 + $9.76), or a "Carpenter" which during the time period relevant to this Complaint ranged from $37.74 ($27.81 + $9.93 Fringe) to $40.79 ($28.71 + $12.08 Fringe).

18.    At all times Plaintiff Villalta worked for the Defendants she performed work as a janitor or a "Painter." When she worked as a Painter, her duties included painting and finishing drywall. Plaintiff Villalta's non-Davis Bacon hourly rate ranged from $14.00 per hour to $17.00

per hour.

19.     For some of her work time, Plaintiff Villalta worked as a "Painter" on public works projects (military housing sites) in the District of Columbia, and to a lesser extent in Maryland and Virginia. However, Defendants never paid Plaintiff Villalta the Davis-Bacon Act wages for a "Painter," which during the time period relevant to this Complaint ranged from $34.04 ($24.89 + $9.15 Fringe) to $34.82 ($25.06 + $9.76).

20.     A failure to pay Davis-Bacon rates is a violation of the DCPCWL and recoverable in a private right of action for "wages" under the DCPCWL. This is because D.C. Code § 32-1301(3) defines "Wages" to include "all monetary compensation after lawful deductions, owed by an employer … " and expressly includes "[o]ther remuneration promised for owed: (i) [p]ursuant to a contract between an employer and another person or entity; or (ii) [p]ursuant to District or federal law." *Id*. In addition, "the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law." D.C. Code § 32-1305 (b). Although for some of the time, Defendants paid Plaintiffs pursuant to a written contract, that written contract is void to the extent that it conflicts with the terms and requirements of the DCPCWL under D.C. Code § 32-1305 (a). Defendants failed to pay Plaintiffs in accordance with the DCPCWL, the DCMWRA and the FLSA because they did not pay Plaintiffs anything for some hours worked, in some instances failed to pay an overtime premium for overtime hours and they failed to pay Plaintiffs the proper rate of pay for their straight-time hours and failed to use the proper regular rate in the calculation of their overtime pay.

21.     At all times relevant to the Complaint, each Plaintiff regularly spent more than 50% of their work time at job sites located in the District of Columbia.

22.     Mid-Atlantic 1 and/or Mid-Atlantic 2 were the general contractors or subcontractors for the renovation and remodeling work at the military housing sites Plaintiffs worked on. Jimenez LLC was the sub-contractor of those entities. Jimenez LLC dispatched Plaintiffs to the military housing sites to perform the construction and cleaning work for the Mid-Atlantic Defendants. Once Plaintiffs arrived at the housing sites, Plaintiffs were supervised by employees of Mid-Atlantic 1 and/or Mid-Atlantic 2. Specifically, Mid-Atlantic 1 and 2 employees met Plaintiffs once they arrived on site, gave them access to the job site, provided instructions about what needed to be done, in some cases provided them with the tools and materials Plaintiffs needed to complete the work, and Mid-Atlantic 1 and 2 employees supervised the work. Mid-Atlantic 1 and 2 employees also made sure the job was done to their standard before it could be deemed completed. Plaintiffs were rarely supervised on the job site by anyone from Jimenez LLC.

23.     Plaintiffs regularly worked in excess of 40 hours per week, as is reflected in the time records maintained by Jimenez LLC and/or Mid-Atlantic 1 and/or Mid-Atlantic 2. However, Defendants did not pay them an overtime premium for some of their overtime hours (the hours over 40 that they worked in a workweek) as required by the FLSA and the DCMWRA and in multiple weeks during the time Plaintiffs worked for Defendants, failed to pay them anything at all for some of their hours worked (including straight-time hours and overtime hours), for example the time Plaintiffs spent loading materials and/or traveling to the job site.

24.     Plaintiffs began their work day at Jimenez LLC's shop in Maryland where they loaded the materials and supplies which they needed to complete their jobs for that day. However, Jimenez LLC recorded Plaintiffs' start time as the time they arrived at the first job site and recorded their end time for the day as the time they left the last job. Thus, Plaintiffs were never paid for their travel time during the course of the work day.

## TIMELY ASSERTION OF CLAIMS

25.     The applicable statute of limitations under the DCPCWL and the DCMWRA (which became effective on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ."  D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiffs' employment with Defendants, they failed to pay Plaintiffs an overtime premium some hours of work, failed to pay them anything at all for some hours of work and failed to pay them at the correct hourly rate for many hours of work in violation of the DCMWRA and the DCPCWL. Given that Plaintiffs' employment ended February 19, 2019, the violations were continuous and the last violation occurred on that date and the limitations period for their wage claims under the DCMWRA and the DCPCWL will elapse on or about February 19, 2022. Therefore, Plaintiff has asserted timely claims for violations of the DCPCWL and the DCMWRA for following period: May 1, 2017 to February 19, 2019.

26.     Plaintiffs have also asserted timely wage claims under the under the DCMWRA and DCPCWL for violations occurring from May 1, 2017 to February 19, 2019 for another reason: the statute of limitations for their claims under these statutes was tolled from the beginning of their employment and for each day thereafter, when, on a continuing basis, Defendants failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants, to provide written notice to Plaintiffs of, *inter alia*, their Davis-Bacon rate of pay. Defendants were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiffs' employment with

10

Defendants did they comply with the notice provisions by providing Plaintiffs with written notice of their Davis-Bacon rate of pay. Since Defendants failed to provide the required written notice to Plaintiffs, the statute of limitations in § 32-1308 (c) was tolled beginning at the inception of Plaintiffs' employment (and for each day thereafter). *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

**COUNT I**
**VIOLATIONS OF THE FLSA**
**(All Defendants)**

27.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

28.     At all times relevant to the Complaint, Plaintiffs were engaged in commerce and/or handled goods that have been moved in commerce because they crossed state lines in the performance of their work, and alternatively, Defendants were an enterprise engaged in commerce.

29.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs an overtime premium for some of their overtime hours – *i.e.* one and one-half times their regular hourly rate for each hour over 40 that they worked and failing to pay them for all work hours.

30.     Defendants were also required to pay Plaintiffs for some of their overtime hours and unpaid regular hours at the Davis-Bacon Act rate applicable to "Painters" and/or "Carpenters" or other applicable Davis Bacon rates. Defendants violated the FLSA by failing to pay Plaintiffs overtime rates equal to one and one-half times the Davis Bacon rates which Plaintiff Cruz was entitled to for the entire time he worked for Defendants and Plaintiff Villalta was entitled to for some of the time she worked for Defendants.

31.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to both Plaintiffs for liquidated damages and the statute of limitations is extended to three years.

32.     Defendants are liable to Plaintiffs under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime premium compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

**COUNT II**
**VIOLATIONS OF THE DCMWRA**
**(All Defendants)**

33.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

34.     At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1002 (2).

35.     At all times relevant to the Complaint, Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1002 (3).

36.     Defendants violated the DCMWRA by failing to pay Plaintiffs an overtime premium for some of the overtime hours they worked and failing to pay them for all hours worked.

37.     Defendants were required to pay Plaintiffs for some of their overtime hours at the Davis-Bacon Act rate applicable to "Painters" and/or "Carpenters" which Plaintiffs were entitled to. Defendants violated the DCMWRA by failing to pay Plaintiffs overtime equal to one and one-half times the Davis Bacon "Painter" and/or "Carpenter" rate which Plaintiff Cruz was entitled to for the entire time he worked for Defendants and Plaintiff Villalta was entitled to for some of the time she worked for Defendants, or any other applicable Davis Bacon rate.

38.     As a result of the violations of the DCMWRA by Defendants, they are liable for

Plaintiffs' unpaid wages, liquidated damages equal to three times the unpaid wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

### COUNT III
### VIOLATIONS OF THE DCPCWL
### (All Defendants)

39.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

40.     At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1301 (2).

41.     At all times relevant to the Complaint, Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301 (1B).

42.     Defendants violated the DCPCWL by failing to pay Plaintiffs anything at all for some of their hours of work (including straight-time hours and overtime hours) during the time Plaintiffs were employed for Defendants, including but not limited to time spent driving from Jimenez LLC's shop to the first job of the day and driving back to the shop from the last job of the day. Defendants also failed to pay Plaintiffs at Davis Bacon Act "Painter" or "Carpenter" rates which they were entitled to, or other applicable Davis Bacon rates. Plaintiff Cruz was entitled to Davis Bacon Rates for the entire time he worked for Defendants and Plaintiff Villalta was entitled to Davis Bacon Rates for some of the time she worked for Defendants.

43.     As a result of the violations of the DCPCWL by Defendants, they are liable for Plaintiffs' unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys'

13

fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

## COUNT IV
## VICARIOUS LIABILITY FOR VIOLATIONS OF THE DCMWRA AND THE DCPCWL
### (Only Mid-Atlantic Defendants)

44.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

45.     At all times relevant to the Complaint, Mid-Atlantic 1 and/or Mid-Atlantic 2 served as the general contractors and/or sub-contractors on many of the jobs Plaintiffs worked on in the District of Columbia, including but not limited to the military housing units located at the following military installations:

    a)     Anacostia Bolling, JB;
    b)     Washington, D.C., NSA; and
    c)     U.S. Naval Observatory.

Mid-Atlantic 1 and Mid-Atlantic 2 are therefore vicariously liable, jointly and severally, for the violations of the DCMWRA and DCPCWL, committed by the sub-contractors they hired, the Jimenez Defendants, as to the above-referenced construction projects (as well as any other projects not yet identified), pursuant to D.C. Code §§ 32-1012 (c) and 32-1303 (5).

46.     As a result of the wage violations of the Jimenez Defendants,  for which Mid-Atlantic 1 and Mid-Atlantic 2 are jointly and severally liable, Plaintiffs are entitled to their unpaid wages, liquidated damages equal to three times the amount of the unpaid wages and attorney's fees and cost, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

14

## RELIEF REQUESTED

Plaintiffs request the following relief:

A.     enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the FLSA, in the amount of each Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to their unpaid overtime wages as liquidated damages, for violations occurring during Plaintiffs' employment with Defendants;

B.     enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the DCMWRA and the DCPCWL, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages, for violations occurring during Plaintiffs employment with Defendants;

C.     as to all Defendants, jointly and severally, award Plaintiffs their costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
E-mail: ovmelehy@melehylaw.com
Telephone: (301) 587-6364
Facsimile: (301) 587-6308
*Attorney for Plaintiffs*