**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARLOS N. ANTUNEZ CRUZ, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>JIMENEZ CONSTRUCTION LLC, *et al.*,<br><br>        Defendants. | No. 20-1978 (EGS) |

<u>**MEMORANDUM OPINION**</u>

Carlos N. Antunez Cruz ("Mr. Cruz") and Ruth Nicolle Lopez Villalta ("Ms. Villalta") (collectively, "Plaintiffs") bring this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq.* ("DCMWRA"); and the District of Columbia Wage Payment and Wage Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPWCL"). *See generally* Compl., ECF No. 1. They have sued two groups of defendants to recover unpaid wages and for damages: Jimenez Construction LLC, Arian Jimenez, Dennise Vasquez-Martinez (collectively, the "Jiminez Defendants"); and Mid-Atlantic Military Family Communities LLC and Mid-Atlantic San Diego LLC (collectively, the "Mid-Atlantic Defendants"). *See id.* The Court

1

refers to the Jiminez Defendants and the Mid-Atlantic Defendants collectively as the "Defendants."

Pending before the Court is the Mid-Atlantic Defendants' Motion to Dismiss Plaintiffs' Complaint, *see* Mot. Dismiss Pls.' Compl., ECF No. 10; to which the Jimenez Construction Defendants "consent", *see* Co-Defendants' Response, ECF No. 12. Upon careful consideration of the motion, the opposition, and reply thereto, the applicable law, the entire record herein, and for the reasons explained below, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.

I.   **Background**

   **A. Factual**

The Court assumes the following facts alleged in the complaint to be true for the purposes of deciding the Motion to Dismiss and construes them in Plaintiffs' favor. *See Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015). Plaintiffs allege that they were hired by Defendants to work on projects that were covered by the Davis-Bacon Act ("DBA"), 40 U.S.C. § 3141, *et seq*. Compl., ECF No. 1 ¶¶ 11, 12. Mr. Cruz alleges that he was hired to be a "Painter" and that he also performed duties of a "Carpenter," but that Defendants never paid him the DBA wages for a "Painter" or for a "Carpenter." *Id*. ¶¶ 16, 17. Ms. Villalta alleges that when she worked for Defendants, she

performed work as a janitor or a "Painter," but that Defendants never paid her the DBA wages for a "Painter." *Id.* ¶¶ 18, 19.

Aside from the allegations regarding Defendants' failure to pay applicable DBA wages, Plaintiffs also allege the non-DBA hourly rates they were actually paid. *Id.* ¶¶ 16, 18. With regard to the non-DBA rates, Plaintiffs allege that Defendants violated the FLSA, the DCMWRA, and the DCWPWCL by failing to pay them all the overtime they were owed and failing to pay them for all of the hours they worked. *Id.* ¶¶ 29, 36, 42.

### B. Relevant Statutes

#### 1. Davis-Bacon Act

The Davis-Bacon Act is "a minimum wage law designed for the benefit of construction workers." *United States v. Binghamton Constr. Co.*, 347 U.S. 171, 178 (1954). It "was 'designed to protect local wage standards by preventing contractors from basing their bids on wages lower than those prevailing in the area.'" *Univs. Rsch. Ass'n, Inc. v. Coutu*, 450 U.S. 754, 773 (1981) (quoting H. Comm. on Educ. & Lab., Legislative History of the Davis-Bacon Act, 87th Cong., 2d Sess., 1 (Comm. Print 1962)). Pursuant to the Act, the Secretary of Labor sets "prevailing" minimum wage rates for various classes of workers, which contractors must pay on federally- and District of Columbia-funded contracts in excess of $2,000. 40 U.S.C. §§ 3142(a)-(b). The DBA authorizes the Department of Labor ("DOL")

to withhold accrued payments to contractors as "necessary to pay
to laborers and mechanics employed by the contractor or any
subcontractor on the work the difference between the rates of
wages required by the contract to be paid . . . and the rates of
wages received." *Id.* § 3142(c)(3). DOL regulations set forth an
administrative process through which workers may obtain unpaid
wages and damages, *see* 29 C.F.R. § 5.11; and the statute
provides a right of action for workers "if the accrued payments
withheld under the terms of the contract are insufficient to
reimburse" them, 40 U.S.C. § 3144(a)(2).

### 2.   Fair Labor Standards Act

The FLSA provides, among other things*,* that "no employer
shall employ any of his [covered] employees ... for a workweek
longer than forty hours unless such employee receives
compensation for his employment in excess of the hours above
specified at a rate not less than one and one-half times the
regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An
employee's "regular rate" is "deemed to include all remuneration
for employment paid to, or on behalf of, the employee, but shall
not be deemed to include" various items such as gifts, vacation
and sick pay, various insurance payments, and certain other
exempted items. *Id.* § 207(e). Employers who violate §§
206 and 207 are liable "in the amount of [the employee's] unpaid
minimum wages, or their unpaid overtime compensation,

4

as the case may be, and in an additional equal amount as liquidated damages." *Id.* § 216(b). Finally, the FLSA authorizes a private right of action for aggrieved employees: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.*

### 3. District of Columbia Minimum Wage Revision Act

The DCMWRA mirrors the FLSA. Subject to certain exemptions, the DCMWRA prohibits any employer from "employ[ing] any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed." D.C. Code § 32-1003(c). Violators are subject to steep penalties: "[A]ny employer who pays any employee less than the wage to which that employee is entitled under this subchapter shall be liable to that employee in the amount of the unpaid wages, statutory penalties, and an additional amount as liquidated damages equal to treble the amount of unpaid wages." *Id.* § 32-1012(b)(1). The DCMWRA also creates a private right of action for aggrieved employees. *See id.* §§ 32-1012(a), 32-1308.

5

**4.    District   of   Columbia   Wage   Payment   and   Wage   Collection Law**

The DCWPWCL requires employers to pay employees "all wages earned" on regular paydays. D.C. Code § 32-1302. It defines "wages" as "all monetary compensation after lawful deductions, owed by an employer, whether the amount owed is determined on a time, task, piece, commission, or other basis of calculation." *Id.* § 32-1301(3). "Wages" include "[o]ther remuneration promised or owed ... [p]ursuant to District or federal law," as well as pursuant to "a contract for employment, whether written or oral" or "a contract between an employer and another person or entity." *Id.* § 32-1301(3)(E); *see also id.* § 32-1301(3)(A)-(D) (further defining wages to include bonuses, commissions, fringe benefits paid in cash, and overtime premiums). The DCWPCL provides that, "[i]n enforcing the provisions of this chapter, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law." *Id.* § 32-1305. The DCWPCL authorizes a private right of action and, like the DCMWA, there are steep consequences for violations, including treble damages. *Id.* § 32-1308.

### C. Procedural

On September 9, 2020, the Mid-Atlantic Defendants moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* Mot. Dismiss Pls.' Compl., ECF No. 10; Mem. in Supp. of Defs.' Mot. Dismiss Pls.' Compl. Failure State Claim ("MTD"), ECF No. 10-1. The Jimenez Defendants consented to the Motion to Dismiss. *See* Co-Defs.' Resp. Defs.' Mot. Dismiss Pls.' Compl., ECF No. 12. Plaintiffs filed their opposition, *see* Pls.' Mem. in Opp'n to Mid-Atlantic Defs.' Mot. Dismiss Compl. ("Opp'n"), ECF No. 14; and the Mid-Atlantic Defendants thereafter filed a reply, *see* Reply in Supp. of Defs.' Mot. Dismiss Pls.' Compl. Failure State Claim ("Reply"), ECF No. 15. The motion is ripe and ready for adjudication.

## II.  Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion
to dismiss, a complaint "must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible
on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(citation and internal quotation marks omitted). "In determining
whether a complaint fails to state a claim, [the Court] may
consider only the facts alleged in the complaint, any documents
either attached to or incorporated in the complaint and matters
of which [the Court] may take judicial notice." *EEOC v. St.
Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir.
1997) (citation omitted). A claim is facially plausible when the
facts pled in the complaint allow the court to "draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).
The standard does not amount to a "probability requirement," but
it does require more than a "sheer possibility that a defendant
has acted unlawfully." *Id.* (citation and internal quotation
marks omitted).

"[W]hen ruling on a defendant's motion to dismiss [pursuant
to Rule 12(b)(6)], a judge must accept as true all of the
factual allegations contained in the complaint." *Atherton v.
D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)
(citation and internal quotation marks omitted). In addition,
the court must give the plaintiff the "benefit of all inferences

that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted).

III. **Analysis**

> A. **Plaintiffs Cannot Bypass the DBA By Recasting Their DBA Claims Under the FLSA, DCMWRA, or the DCWPWCL**

Plaintiffs allege violations of three different laws based on Defendants' alleged failure to pay them the applicable DBA rates: (1) failure to pay overtime rates equal to one and one-half times the applicable DBA rates in violation of the FLSA, Compl., ECF No. 1 ¶ 30; (2) failure to pay overtime rates and failure to pay them for all the hours works at the applicable DBA rate in violation of the DCMWRA, *id*. ¶ 37; (3) Failure to pay Plaintiffs (a) anything for some of their hours of work, and (b) failure to pay the applicable DBA rates in violation of the DCWPWCL, *id*. ¶ 42.

Defendants move to dismiss Plaintiffs' claims "because they require the Court to determine whether Plaintiffs were assigned the proper labor categories and entitled to DBA wages, a task delegated by Congress exclusively to the [U.S.] Department of Labor." MTD, ECF No. 10-1 at 8. Defendants argue that: (1) "all of Plaintiffs' claims are barred because they may not bring a private cause of action to recover [DBA] Wages" and Plaintiffs cannot circumvent the lack of a private cause of action "by

recasting the alleged violation of the DBA as a statutory violation under the FLSA, [DCWPWCL] or the [DCMWA], *id*. at 9, 11-12.[1]

As an initial matter, the Parties agree, for the sake of this motion, that the DBA does not confer a private right of action on plaintiffs who have claims for back wages under DBA contracts. *See* MTD, ECF No. 10-1 at 9; Opp'n, ECF No. 14 at 1. Therefore, the Court will assume, without deciding, that the DBA does not confer a private right of action. *See, e.g.*, *Johnson v. Prospect Waterproofing Co.*, 813 F. Supp. 2d 4, 9 (D.D.C. 2011).

The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has not settled question of "the interaction between the DBA and other federal or state wage laws, and there is a division of authority among the circuits." *Garcia v. Skanska USA Building, Inc.*, 324 F. Supp. 3d 76, 80 (D.D.C. 2018). Plaintiffs urge the Court to adopt the reasoning of the Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which in *Amaya v. Power Design, Inc.*, concluded that "Congress intended the FLSA to apply broadly notwithstanding any overlap with other labor statutes." 833 F.3d 440, 445 (4th Cir. 2016).

---

[1] In the alternative, Defendants argue that "Plaintiffs' DCMWRA claim fails to the extent they seek overtime based on minimum wages established by the DBA. MTD, ECF No. 10-1 at 12-13. In view of the Court's dismissal of the DBA claims based on Defendants' lead argument, the Court need not reach this argument.

Accordingly, it allowed FLSA claims to go forward and further, it interpreted the "regular rate" under FLSA as referring to the "prevailing rate" under the DBA. *Id.* at 447 (citing 40 U.S.C. § 3142(e)). In making that determination, the Fourth Circuit found instructive the Supreme Court's determination in *Powell v. U.S. Cartridge Co.* that employees could pursue FLSA actions for unpaid overtime under a contract subject to the Walsh-Healey Act ("WHA"). 339 U.S. 497, 519-520 (1950).[2]

The Court, however, is persuaded by authority in this District that relies on authority from the Court of Appeals for the Second Circuit ("Second Circuit"). In *Johnson v. Prospect Waterproofing Co.*, as here, the plaintiffs brought claims for violations of the DCWPWCL and the District of Columbia Minimum Wage Act ("DCMWA"). *Johnson*, 813 F. Supp. 2d at 5. Still, the court held that each of the claims was founded exclusively on the DBA because the Complaint alleged that defendants had violated the DCWPWCL and DCMWA by "failing to compensate according to the prevailing [DBA] rate." *Id.* at 10. In so

---

[2] Plaintiffs' assertion that *Powell* "conclusively establish[es] that the DBA does not preclude a civil action for DBA-mandated rates under FLSA's overtime provisions," Opp'n, ECF No. 14 at 4; is clearly an overstatement since *Powell* does not concern the DBA. Furthermore, Plaintiffs' assertion that the WHA is "identical to the DBA in all significant respects" is neither explained in sufficient detail nor clearly supported by the caselaw cited. *Id.* at 4-5.

holding, the court explained that it adopted the reasoning in
*Grochowski v. Phoenix Const.,* 318 F.3d 80 (2003):

> "At bottom, the plaintiffs' state-law claims
> are indirect attempts at privately enforcing
> the prevailing wage schedules contained in the
> DBA. To allow a third-party private contract
> action aimed at enforcing those wage schedules
> would be inconsistent with the underlying
> purpose of the legislative scheme and would
> interfere with the implementation of that
> scheme to the same extent as would a cause of
> action directly under the statute."

*Johnson*, 813 F. Supp. 2d at 9 (quoting *Grochowski*, 318 F.3d at
86 (internal quotation marks omitted)). Accordingly, the *Johnson*
court "conclude[d] that plaintiffs' claims 'are clearly an
impermissible end run around' the [DBA]." *Johnson*, 813 F. Supp.
2d at 10 (quoting *Grochowski,* 318 F.3d at 86). "As other courts
have held, if plaintiffs could bring such an action directly in
this Court, it would severely undermine the specific remedial
scheme established by Congress." *Id.*

Similarly, in *Ibrahim v. Mid-Atl. Air of D.C., LLC*, the
Plaintiff claimed, among other things, that the Defendant had
failed to pay him the required DBA rate. *Ibrahim*, 802 F. Supp.
2d 73 (D.D.C. 2011), *aff'd*, No. 11-7150, 2012 WL 3068460 (D.C.
Cir. July 19, 2012). The court dismissed the complaint on the
ground that the claim is "'clearly an impermissible end run
around'" the DBA. *Id.* at 76 (quoting *Grochowski,* 318 F.3d at
86).

Here too, Plaintiffs' relevant claims are founded on the DBA. Plaintiffs allege that Defendants violated: (1) the FLSA by failing to pay Plaintiffs the applicable DBA rates, Compl., ECF No. 1 at 11 ¶ 30; (2) the DCMWRA by failing to pay Plaintiffs the applicable DBA rates, *id*. at 12 ¶ 37; and (3) the DCWPWCL by failing to pay Plaintiffs the applicable DBA rates, *id*. at 13 ¶ 42. Accordingly, the resolution of Plaintiffs' claims depends on what the DBA rates are. "[A]s courts in this circuit and elsewhere have concluded, plaintiffs cannot get around the administrative prerequisites of the [DBA] simply by dressing up their claim in new language and asserting that it arises under state law." *Johnson*, 813 F. Supp. 2d at 9.

Plaintiffs point to other persuasive authority in this District, but the cases are easily distinguishable. In *Garcia v. Skanska USA Building, Inc.*, the Plaintiff sued under the FLSA, DCMWA, and the DCWPWCL, and the Defendants moved to dismiss based on arguments similar to those being made here. *Garcia*, 324 F. Supp. 3d 76, 77, 80 (D.D.C. 2018). The *Garcia* court permitted those claims to proceed, reasoning as follows:

> Garcia's claims, by contrast, would not short-circuit the DBA's administrative process or embroil the Court in legal determinations Congress intended the Department of Labor to resolve. First, Garcia's complaint could be construed—and so, on a motion to dismiss, must be construed—to avoid the DBA entirely. Garcia alleges that

> the employers here agreed to hire and pay him "as a carpenter" and that "he understood from this that he would be paid at least the legal prevailing wage for a carpenter." Compl. ¶¶ 21–22. That the DBA may have provided the basis for the parties' alleged "underst[anding]" does not transform the agreement into anything other than an ordinary contract; on this reading, Garcia is not suing for the DBA-mandated rates *per se*, but rather for the rates his employers agreed to pay him.

*Garcia*, 324 F. Supp. 3d at 84. Here, however, there is no way to "avoid" the DBA for Plaintiffs' claims that are based on the failure to pay DBA rates. See Compl., ECF No. 1 ¶¶ 30, 37, 42. Accordingly, here the Plaintiffs **are** suing for "the DBA-mandated rates *per se*."

Similarly, Plaintiffs' reliance on *Perez v. C.R. Calderon Construction, Inc.*, is misplaced. Plaintiffs point to the Court's conclusion "that no matter how DOL would classify the plaintiffs' correct wage rate, they are entitled to the wage rate that they were promised upon being hired and that they reasonably expected applied over the duration of their work on the Project." *Perez*, 221 F. Supp. 3d. 115, 150 (D.D.C. 2016). However, Plaintiffs fail to acknowledge that regarding this conclusion, the Court stated that it "need not resolve whether it has jurisdiction to determine the correctness of the plaintiffs' classification as carpenters, since the prevailing wage rate for carpenters under the Davis–Bacon Act would

14

nonetheless apply here," *Id*. at 150 n.24; or that the DBA rate
was set forth in a pretrial Settlement Agreement between the
Defendant in *Perez* and the Department of Labor for violations of
the DBA, but for persons other than the Plaintiffs in *Perez*.
Accordingly, Plaintiffs' reliance on *Perez* for the proposition
that this Court can resolve DBA classification issues in this
case is entirely unpersuasive.

### B. Plaintiffs' FLSA, DCMWRA and DCWPWCL Claims That Are Not Based on DBA Wages May Proceed

Plaintiffs argue that even if the Court determines that
Plaintiffs cannot bring claims for DBA wages under the FLSA,
DCMWRA, and DCWPWCL, their claims under these statutes based on
the rates Defendants actually paid them should not be dismissed.
Opp'n, ECF No. 14 at 11-12. Defendants did not address these
claims in the Motion to Dismiss, *see generally* MTD, ECF No. 10-
1; and do not respond to Plaintiffs' argument in their Reply
briefing, *see generally* Reply, ECF No. 15. Defendants have
therefore conceded it. *Cf. Hopkins v. Women's Div., Gen. Bd. Of
Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It
is well understood in this Circuit that when a plaintiff files
an opposition to a motion ... addressing only certain arguments
raised by the defendant, a court may treat those arguments that
the plaintiff failed to address as conceded."). The Court notes
that in *Grochowski*, the Court affirmed the District Court's

decision to "limit[] the plaintiffs' claims under the FLSA for unpaid overtime compensation to one-and-a-half times the hourly rates actually paid." *Grochowski*, 318 F.3d at 87.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss, ECF No. 10. Plaintiffs' claims based on the failure to pay DBA wages are **DISMISSED** and Plaintiffs' claims based on non-DBA wages may proceed.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **March 31, 2023**